# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ORLANDO F. HILL,

                  Plaintiff,

v.

ERIC SEVERSON, ANGELA WOLLENHUPT, WAUKESHA COUNTY JAIL, BUREAU OF PRISONS (MCC) R&D ADMIN ROBINSON, KITCHEN, CHICAGO POLICE DEPARTMENT, COOK COUNTY, REDI TRANSPORT, WAUKESHA COUNTY OFFICE OF DISTRICT ATTORNEY, SUSAN L. OPPER, MELLISSA ZILAVY, CIRCUIT COURT, FREDERICK J. STRAMPF, AURTHER MELVIN, III, DAILY, TULIA, MILLER, SHALLOW, and SARA MILLER,

                  Defendants.

Case No. 23-CV-1302-JPS

ORDER

Plaintiff Orlando F. Hill, an inmate confined at Racine Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that his constitutional rights were violated. ECF No. 1. On February 5, 2024, the Court screened Plaintiff's complaint, found that it failed to state a federal claim, and allowed Plaintiff the opportunity to file an amended complaint. ECF No. 14. On March 27, 2024, the Court screened the amended complaint and again provided Plaintiff the opportunity to file an amended complaint. ECF No. 17. The Court notified Plaintiff that if he failed to amend the complaint, it would choose which claims would proceed. On April 24, 2024,

Plaintiff filed a response to the screening order, ECF No. 18. On This Order therefore screens Plaintiff's amended complaint and resolves the motion to modify monthly payments.

1. **SCREENING THE AMENDED COMPLAINT**

    1.1 **Federal Screening Standard**

    Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

    In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

    To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right

Page 2 of 10
Case 2:23-cv-01302-JPS    Filed 07/15/24    Page 2 of 10    Document 20

was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 1.2 Plaintiff's Allegations

The Court's prior screening order found that Plaintiff's amended complaint failed to comply with Federal Rules of Civil Procedure 18 and 20. ECF No. 17. In response, Plaintiff indicated that he wishes to pursue only the claims related to his conditions and confinement in Waukesha County Jail ("WCJ"). ECF No. 18. As such, the Court includes only the facts from Plaintiff's amended complaint that relate to these claims.

Plaintiff was booked into WCJ on March 13, 2023. ECF No. 15 at 4. Plaintiff was taken directly to segregation for no reason and his Kufi was taken from him against Department of Corrections ("DOC") policy. Defendants Miller, Tulia, Daily, and Shallow discriminated against Plaintiff because of his race and religion from March 13, 2023 until August 15, 2023. *Id.* Plaintiff was given pink underwear and referred to as "panties" by Tulia. *Id.* Miller deliberately denied Plaintiff access to legal materials while he was litigating another case. *Id.* The grievance administrators were denying Plaintiff access to forms, were ignoring his complaint, and were deliberately keeping legal materials from him. *Id.* Plaintiff notified the Waukesha court and the jail responded at once. *Id.* Plaintiff was forced to "lock in" and sleep with excessive lights on for twenty-four hours per day. *Id.* Plaintiff's cell was extremely cold, and he was forced to sleep with his head only one foot away from the toilet, which emitted urine vapor. *Id.* at 5. Plaintiff was given

used towels and underwear and received no recreation or socks. *Id.* Plaintiff was only given bread and carbs during Ramadan in April 2023 and was told to eat Jewish meals against his religion. *Id.*

On June 12, 2023, Plaintiff filed a grievance with Defendant Angela Wollenhupt ("Wollenhupt") about the water quality and its effect on his health. *Id.* The Department of Natural Resources notified the Department of Corrections that the water quality samples revealed radium and gross alpha levels that exceeded maximum containment levels. *Id.* Shallow ignored his request. *Id.*

### 1.3 Analysis

First, the Court will allow Plaintiff to proceed on an Eighth Amendment claim against Defendants Miller, Tulia, Daily, Shallow, and Wollenhupt for subjecting him to unconstitutional conditions of confinement. To establish a constitutional violation with respect to an inmate's living conditions, he must be able to demonstrate both: (1) the conditions were objectively so adverse that they deprived him "of the minimal civilized measure of life's necessities," and (2) the defendants acted with deliberate indifference with respect to the conditions. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (quoting *Farmer*, 511 U.S. at 834). "Life's necessities include shelter, heat, clothing, sanitation, and hygiene items." *Woods v. Schmeltz*, No. 14-CV-1336, 2014 WL 7005094, at *1 (C.D. Ill. Dec. 11, 2014) (citing *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006)); *see also Budd v. Motley*, 711 F.3d 840, 842–43 (7th Cir. 2013).

Here, Plaintiff alleges that he was forced to "lock in" and sleep with excessive lights on for twenty-four hours per day. Plaintiff's cell was extremely cold, and he was forced to sleep with his head only one foot away from the toilet, which emitted urine vapor. Plaintiff was given used towels

Page 4 of 10
Case 2:23-cv-01302-JPS    Filed 07/15/24    Page 4 of 10    Document 20

and underwear, and he did not receive recreation or socks. Plaintiff also complained to Wollenhupt about the water quality and radium levels. Further development of the record will be needed to determine whether Plaintiff's allegations rise to the level of depriving him of life's necessities; however, at the pleadings stage, the Court finds the allegations sufficient to proceed on an Eighth Amendment conditions of confinement claim against Miller, Tulia, Daily, Shallow, and Wollenhupt.

Second, Plaintiff may proceed against Defendants Miller, Tulia, Daily, and Shallow for a First Amendment Free Exercise Clause claim. The First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof." U.S. Const. amend. I. Incarcerated persons "clearly retain protections afforded by the First Amendment," including a limited right to freely exercise their religion. *See O'Lone v. Shabazz*, 482 U.S. 342, 348 (1987) (quotation omitted); *Tarpley v. Allen County*, 312 F.3d 895, 898 (7th Cir. 2002). To proceed under the Free Exercise Clause, the plaintiff must show that prison officials "intentionally and substantially interfere[d] with [his] ability to practice his faith" and that the prison's restriction was not "reasonably related to a legitimate penological interest." *Garner v. Muenchow*, 715 F. App'x 533, 536 (7th Cir. 2017) (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987)). The Seventh Circuit has held that intentionally forcing an incarcerated person "to choose between foregoing adequate nutrition or violating a central tenant of his religion" creates a substantial burden on that inmate's free exercise of his religion. *Thompson v. Holm*, 809 F.3d 376, 380 (7th Cir. 2016)

Here, Plaintiff alleges that these defendants gave him only bread and carbs during Ramadan in April 2023 and that he was told to eat Jewish meals against his religion. Plaintiff also alleges that his Kufi was taken from

him against DOC policy. At the early pleading stage, the Court will allow Plaintiff to proceed on a First Amendment free exercise claim against Miller, Tulia, Daily, and Shallow.

Third, Plaintiff may proceed against Miller, Tulia, Daily, and Shallow on a Fourteenth Amendment equal protection claim. The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o State shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const., amend. XIV, § 1. The Equal Protection Clause protects against arbitrary discrimination "unrelated to the character of the activity allegedly discriminated against." *Reed v. Faulkner*, 842 F.2d 960, 962 (7th Cir. 1988). Incarcerated persons "are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on" a host of factors, including their religious beliefs. *Lisle v. Welborn*, 933 F.3d 705, 719 (7th Cir. 2019) (citing *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974)). To state a claim under the Equal Protection Clause, an incarcerated person must allege that the "defendants intentionally treated him differently because of his ... religion[ ] or other proscribed factor." Id. at 719–20 (citing *Ortiz v. Werner Enter., Inc.*, 834 F.3d 760 (7th Cir. 2016)). The plaintiff must show that: (1) similarly situated incarcerated persons have been treated differently by the government; and (2) there is no rational relationship between the dissimilar treatment and any legitimate penal interest. *See May v. Sheahan*, 226 F.3d 876, 882 (7th Cir. 2000).

Here, Plaintiff alleges that Miller, Tulia, Daily, and Shallow discriminated against him by subjecting him to the above-mentioned conditions because of his race and religion. At the pleading stage, the Court will therefore allow Plaintiff to proceed on a Fourteenth Amendment equal protection claim against Miller, Tulia, Daily, and Shallow.

### 3. CONCLUSION

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claims pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Eighth Amendment claim against Defendants Miller, Tulia, Daily, Shallow, and Wollenhupt for subjecting him to unconstitutional conditions of confinement.

**Claim Two:** First Amendment free exercise claim against Miller, Tulia, Daily, and Shallow.

**Claim Three:** Fourteenth Amendment equal protection claim against Miller, Tulia, Daily, and Shallow.

Finally, the Court will deny Plaintiff's request to modify his monthly payments for the filing fee. ECF No. 19. Plaintiff indicates that he has limited funds to pay the filing fee. *Id.* The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. *Id.* § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.* The PLRA contemplates that prisoners will have limited funds and accordingly allows them to gradually pay the filing fee as funds will allow. As such, the Court will deny Plaintiff's request to modify his payments.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to modify monthly payments, ECF No. 19, be and the same is hereby **DENIED;**

**IT IS FURTHER ORDERED** that Defendants Eric Severson, Waukesha County Jail, Bureau of Prisons, R&D Admin Robinson, Kitchen, Chicago Police Department, Cook County, Redi Transport, Waukesha

County Office of District Attorney, Susan L. Opper, Mellissa Zilavy, Circuit Court, Frederick J. Strampf, Aurther Melvin, III, and Sara Miller be and the same are hereby **DISMISSED** under Federal Rules of Civil Procedure 18 and 20;

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the amended complaint and this order upon Defendants **Miller, Tulia, Daily, Shallow, and Wollenhupt** pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the Court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals Service will give Plaintiff information on how to remit payment. The Court is not involved in collection of the fee;

**IT IS FURTHER ORDERED** that Defendants **Miller, Tulia, Daily, Shallow, and Wollenhupt** shall file a responsive pleading to the amended complaint; and

**IT IS FURTHER ORDERED** if Defendants contemplate a motion to dismiss, the parties must meet and confer before the motion is filed. Defendants should take care to explain the reasons why they intend to move to dismiss the amended complaint, and Plaintiff should strongly consider filing a second amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any

Page 8 of 10
Case 2:23-cv-01302-JPS   Filed 07/15/24   Page 8 of 10   Document 20

amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendants file a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice.

Dated at Milwaukee, Wisconsin, this 15th day of July, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.